Matter of Scharf (2023 NY Slip Op 04632)

Matter of Scharf

2023 NY Slip Op 04632

Decided on September 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 14, 2023

PM-216-23
[*1]In the Matter of Randel Aaron Scharf, an Attorney. (Attorney Registration No. 2365757.)

Calendar Date:August 21, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Randel Aaron Scharf, Cooperstown, respondent pro se.

Per Curiam.
Respondent was admitted to practice by the Second Department in 1989, but currently maintains a law practice in the Village of Cooperstown, Otsego County. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) is currently investigating numerous complaints against respondent, including an allegation that he did not appropriately return an unused portion of a retainer to a criminal client, which failure respondent acknowledged in a confession of judgment filed with the Otsego County Clerk in 2007. Said judgment remains unsatisfied and, in purported response to AGC's ensuing notice of complaint, respondent did not respond to the substantive allegations against him and instead gave indication that he is presently suffering from physical or mental impairments. Based on these circumstances, as well as respondent's responses to other client complaints currently under investigation by AGC, it now moves to suspend respondent on an interim basis due to his lack of cooperation with its investigations or, alternatively, to suspend him indefinitely due to his incapacitation (see Rules for Atty Disciplinary Matters [22 NYCRR] §§ 1240.9 [a] [3], [4]; 1240.14 [b]; Rules of App Div, 3d Dept [22 NYCRR] §§ 806.9, 806.14). Additionally, AGC seeks the appointment of an attorney to take possession of all of respondent's files, examine the files, advise the clients and take any other action necessary to protect the clients' interests (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.21; Rules of App Div, 3d Dept [22 NYCRR] § 806.21). Respondent opposes AGC's motion, asking the Court to deny the motion or, alternatively, to make his suspension effective November 16, 2023, when he advises his remaining cases will be resolved.
AGC is authorized to "apply to the Court for a determination that [a] respondent is incapacitated from practicing law by reason of mental disability or condition, alcohol or substance abuse, or any other condition that renders [a] respondent incapacitated from practicing law" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.14 [b]). Notably, a suspension for incapacity is not predicated on a formal finding that the respondent has engaged in professional misconduct, and AGC is under no obligation to support an application with medical evidence confirming a respondent's incapacity (see e.g. Matter of Purser, 195 AD3d 1146, 1147 [3d Dept 2021]; Matter of Hall, 171 AD3d 1446, 1447-1448 [3d Dept 2019]; Matter of Nagel, 161 AD3d 95, 98 [1st Dept 2018]).
AGC avers that it is currently investigating multiple complaints of professional misconduct against respondent, which allegations include his purported failure to satisfy a confession of judgment previously executed by him, his conduct toward a client and the client's significant other and his conduct toward parties in a criminal matter. Respondent's opposition papers to AGC's instant motion, as well as his responses to the various complaints, reveal that [*2]has been dealing with significant health problems that render him incapacitated from the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.14 [b]). While respondent expresses his desire to ultimately discontinue the practice of law following resolution of his few remaining matters, we nonetheless grant the part of AGC's motion seeking respondent's suspension due to his incapacity, thereby suspending him, effective immediately (see Matter of Purser, 195 AD3d at 1147; Matter of Hall, 171 AD3d at 1448). As such, we further find that appointment of a custodian is necessary to protect the interests of respondent's clients, and therefore appoint the Otsego County Bar Association as limited custodian of respondent's client files and to take appropriate action (see Matter of McCoy-Jacien, 167 AD3d 1414, 1415-1416 [3d Dept 2018]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.21). As a final matter, we acknowledge that granting AGC's motion to stay the ongoing disciplinary investigation during the period of respondent's suspension would preclude investigations and disciplinary proceedings against him, unless and until he seeks reinstatement (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.17 [a], [c]). However, we nonetheless grant that part of AGC's motion seeking to stay its ongoing disciplinary proceeding and investigations during the period of respondent's suspension. The remaining relief sought by AGC in its motion is otherwise denied.
Egan Jr., J.P., Clark, Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of law, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.17); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that the Otsego County Bar Association is hereby appointed limited custodian of the client files of respondent [*3]for the purpose of taking possession and examining such files and taking such action as deemed proper and advisable to protect the interests of respondent's clients, including, where necessary, the release of the files to respondent's clients upon appropriate request of the client and/or the client's new counsel; and it is further
ORDERED that the Otsego County Bar Association shall comply with the provisions of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.21 (c); and it is further
ORDERED that, if necessary, the Otsego County Bar Association may apply to the Court for appropriate instructions regarding the proper discharge of its duties as limited custodian; and it is further
ORDERED that, upon application of the Otsego County Bar Association, the Court may determine and award compensation and costs incurred in connection with this order; and it is further
ORDERED that, within 90 days of the entry date of this order, the Otsego County Bar Association shall submit a status report to this Court setting forth all actions taken pursuant to the authority set forth in this order, which shall include the name and address of each client and the disposition of each client's file.